BEFORE THE FIRST DIVISION, NOVEMBER 13, 1946

**No. 51404.**—Protests 84226–K, etc., of Chew Chong Tai & Co. et al. (San Francisco).

OLIVER, Presiding Judge: These suits involve the classification of mah jong sets, chopsticks, and other articles, some of which were assessed for duty at the rates of 40 cents per pound and 50 percent ad valorem under paragraph 33, Tariff Act of 1930, as manufactures of galalith, by similitude, and the others (protests 89646–K (entry 4559), 89631–K, 89648–K, 89647–K, and 89635–K) at the same rates under the same paragraph as manufactures of galalith. It is claimed that all these articles are properly dutiable as unenumerated manufactured articles at 20 percent ad valorem under paragraph 1558.

The appraiser of merchandise at the port of entry was called as a witness by the plaintiff. He testified that he signed the summary sheets attached to the invoices. His attention was called to a statement accompanying protest 89628–K, addressed to the collector and signed by J. E. Connell, Examiner, and approved by P. B. Divine, Acting Appraiser, which reads in part "this office would now advisorily classify this merchandise at 20 percent under paragraph 1558, citing C. D. 35 and C. D. 480." Referring to such a memorandum appearing also in some of the other cases being tried, he was asked whether he was familiar with the nature of the merchandise so referred to and stated he was not personally familiar with the merchandise (R. 6); that he never examined any of it (R. 7).

Objection was made to the reading of this memorandum as the document was not in evidence and was not admissible in evidence because it was not timely. The objection was sustained.

The appraiser further stated that he did not know whether the merchandise covered by the invoice in protest 84226–K was composed of synthetic phenolic resin (R. 17).

He further testified that he signed a stipulation covering the protests here involved, and having refreshed his recollection therefrom, stated that he was

satisfied that the merchandise referred to therein was "at least in part" composed of synthetic phenolic resin (R. 29–31). The Government attorney stated that this stipulation was signed by Lawrence & Tuttle, attorneys for the plaintiffs, but was not signed by anyone representing the Assistant Attorney General's office.

Further testimony of the appraiser failed to disclose any facts to support the plaintiffs' claims.

Briefs were filed by both parties. Counsel for the plaintiffs argues that in most of these cases there is a memorandum from the appraiser to the collector which states that "this office would now advisorily classify this merchandise" at 20 percent under paragraph 1558, and as the appraiser stated he was satisfied "at least in part" that the merchandise was composed of synthetic phenolic resin, the protests should be sustained.

The defendant contends that the plaintiffs have failed to meet the burden of showing that the collector's classification was erroneous and that their claim is correct.

As the documents referred to by the plaintiffs' counsel are not in evidence and no satisfactory proof having been offered at the hearing, we find, on the record as presented, there is no competent evidence to establish the facts necessary to bring those articles within the scope of the decisions of this court in the cases cited in plaintiffs' brief (Abstracts 49907, 49595, and 50726). All claims of the plaintiffs are therefore overruled. Judgment will be rendered accordingly.